**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

**ETHAN HAKIMIAN,**

**Plaintiff,** **2:26-cv-04323**

**-against-** **COMPLAINT**

**AMERICAN EXPRESS NATIONAL BANK,**
**EQUIFAX INFORMATION SERVICES, LLC,**
**EXPERIAN INFORMATION SOLUTIONS, INC., and**
**TRANS UNION, LLC,**

**Defendants.**

-----------------------------------------------------------------x

Plaintiff, ETHAN HAKIMIAN ("Plaintiff"), by and through his undersigned counsel, Mallon Consumer Law Group, PLLC, brings this action against Defendants AMERICAN EXPRESS NATIONAL BANK ("American Express"), EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), and TRANS UNION, LLC ("Trans Union"), and alleges the following, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff Ethan Hakimian is a victim of identity theft. After Plaintiff lost his wallet while traveling abroad, unauthorized individuals used Plaintiff's American Express credit card to incur approximately $27,000 in fraudulent charges without Plaintiff's knowledge or consent.

2. Plaintiff promptly reported the fraudulent activity to Defendant American Express National Bank and participated in multiple fraud investigations between March and August 2025. Despite Plaintiff's cooperation and submission of requested documentation, Defendant American Express failed to resolve the fraud and continued to treat the fraudulent charges as valid, in violation of the

Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b).

3. Plaintiff brings this action against Defendants Equifax, Experian, and Trans Union (hereinafter collectively referred to as the "CRA Defendants")—the three major national credit reporting agencies—for violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., and the New York Fair Credit Reporting Act ("NY FCRA"), N.Y. GBL § 380 *et seq*., by failing to conduct reasonable investigations after Plaintiff disputed the fraudulent American Express account. Defendants refused to reasonably investigate the dispute even after Plaintiff submitted documentation demonstrating that the account resulted from fraud.

4. Plaintiff further alleges that, as a direct and proximate result of Defendants' unlawful actions, conduct, and omissions, the erroneous derogatory information wrongfully listed on Plaintiff's consumer reports caused him to suffer actual damages including, but not limited to, adverse impact on creditworthiness, emotional distress, expenditure of time and resources attempting to correct the inaccuracies, annoyance, aggravation, and frustration.

5. Plaintiff brings this action for actual, statutory, and punitive damages, as well as for statutory attorney's fees and costs, pursuant to the FCRA, 15 U.S.C. § 1681 *et seq*., and the NY FCRA, N.Y. GBL § 380 *et seq.*

## **JURISDICTION AND VENUE**

6. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

8. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

9. Plaintiff, a natural person, is a resident of the State of New York, and County of Nassau, and qualifies as an individual "consumer" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(c); N.Y. GBL § 380-a(b).

10. Defendant Equifax is a Georgia corporation, duly authorized and qualified to do business in the State of New York. Equifax qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

11. Defendant Experian is an Ohio corporation, duly authorized and qualified to do business in the State of New York. Experian qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

12. Defendant Trans Union is a Delaware corporation, duly authorized and qualified to do business in the State of New York. Trans Union qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

13. Defendant American Express National Bank is a corporation duly authorized and qualified to do business in the State of New York. American Express qualifies as a "furnisher of information" as contemplated by the FCRA, 15 U.S.C. §§ 1681s-2(a) and (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with consumers.

## FACTUAL BACKGROUND

14. Plaintiff is a victim of identity theft involving an American Express credit card account that was used without Plaintiff's knowledge, authorization, or consent.

15. In or about early 2025, while traveling in Europe, Plaintiff lost his wallet, which contained cash, his American Express Platinum credit card, his New York State driver's license, business cards, and personal identification materials.

16. Plaintiff is unsure of the precise time and location at which the wallet was lost.

17. Thereafter, unauthorized individuals obtained access to Plaintiff's American Express credit card and began incurring fraudulent charges.

18. In or about March 2025, Plaintiff first became aware of the fraudulent activity when American Express alerted him that suspicious transactions had occurred on the account.

19. Plaintiff had not received any prior notifications, text messages, or emails regarding the earlier unauthorized transactions and was only alerted after approximately the seventh unauthorized transaction had already occurred.

20. The unauthorized activity resulted in approximately $27,000 in fraudulent charges being incurred on the American Express account.

21. Plaintiff promptly contacted American Express' fraud department on or about March 25, 2025 and initiated a fraud investigation.

22. On April 29, 2025, American Express closed the investigation against Plaintiff and refused to provide meaningful details explaining the basis for its determination.

23. Plaintiff immediately reopened the fraud claim through a supervisor on April 29, 2025, but the claim was again closed on June 3, 2025.

24. During the investigation process, American Express requested identification documentation, including a copy of Plaintiff's driver's license, which had been lost with the wallet. Plaintiff nevertheless located a photograph of the license and submitted it as requested.

25. American Express subsequently closed the claim again on or about August 4, 2025, asserting that Plaintiff's identification had not been received.

26. Plaintiff reopened the claim and resubmitted identification documentation, yet American Express again closed the claim on or about August 27, 2025.

27. American Express stated that it would follow up with Plaintiff and provide written correspondence regarding the investigation results, but Plaintiff never received such communication.

28. In early January 2026, Plaintiff sent written disputes to each of the credit reporting agency Defendants regarding the fraudulent charges on his American Express card. The disputes contained a detailed explanation of the fraudulent charges along with a completed FTC Identity Theft Report concerning the fraudulent American Express account.

29. Each of the credit reporting agencies refused to block the disputed information pursuant to 15 U.S.C. § 1681c-2.

30. Instead, each of the credit reporting agency Defendants forwarded the Plaintiffs' dispute to American Express.

31. Defendant American Express refused to actually investigate Plaintiff's dispute or review all of the relevant information provided by Plaintiff. Instead, American Express merely reviewed Plaintiff's account status and information and verified that their system said Plaintiff owed the alleged amounts. American Express made no attempt to determine if Plaintiff had actually made the charges in question and did not make a reasonable effort to determine if Plaintiff had been the victim of fraud or not.

32. After receiving American Express response to the Plaintiff's dispute, each consumer reporting agency Defendant refused to conduct its own reinvestigation of the Plaintiff's dispute as required by the Fair Credit Reporting Act. Instead, the consumer reporting agency Defendants merely "parroted" the results of American Express' response and falsely verified the disputed account as being accurately reported.

33. As of this date, each consumer reporting agency Defendant continues to report the American Express account as delinquent and owing approximately $28,000, damaging Plaintiff's otherwise strong credit profile.

34. Plaintiff has suffered harm as a result of Defendants' conduct here. The inaccurate derogatory information wrongfully listed on Plaintiff's consumer reports has caused Plaintiff to suffer actual damages including, but not limited to, credit denials, being offered credit on inferior terms, adverse impact on creditworthiness, emotional distress, expenditure of time and resources attempting to correct the inaccuracies, annoyance, aggravation, and frustration.

## **FIRST CAUSE OF ACTION**
VIOLATION OF THE FCRA
Against All Defendants

35. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and

realleged herein.

36. Defendants Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC each prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding Plaintiff, as that term is defined in the FCRA. See 15 U.S.C. § 1681a(d).

37. Such reports erroneously included false and derogatory payment information associated with the fraudulent American Express account.

38. Equifax, Experian and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681c-2(a) by failing to block the reporting of the disputed identity-theft-related information within four business days of receiving the required items without a proper basis for their refusal.

39. Defendants Equifax, Experian, and Trans Union willfully, (or in the alternative negligently) violated 15 U.S.C. § 1681c-2 by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports furnished regarding Plaintiff, including the reporting of the fraudulent $28,000 charge on Plaintiff's American Express card as accurate.

40. Defendants Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations of Plaintiff's disputes of the erroneous and derogatory payment information associated with the subject American Express account.

41. Defendants Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding his disputes.

42. Defendants Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the disputed erroneous and derogatory payment information associated with the subject American Express account from Plaintiff's file after failing to verify the completeness and accuracy of that information.

43. After receiving notice of Plaintiff's disputes from the consumer reporting agency Defendants, Defendant American Express Company willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of Plaintiff's disputes of the erroneous and derogatory information associated with the subject account and by failing to review all relevant information regarding Plaintiff's disputes.

44. Defendant American Express Company willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided in connection with Plaintiff's disputes in conducting its investigation of the subject account.

45. Accordingly, Defendants are liable to Plaintiff for actual, statutory, and punitive damages in an amount to be determined by the trier of fact, as well as for Plaintiff's litigation costs and reasonable attorney's fees incurred as a result of Defendants' FCRA violations, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## **SECOND CAUSE OF ACTION**

VIOLATION OF THE NY FCRA

Against Defendants Equifax, Experian, and Trans Union Only

46. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

47. Defendants Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC each prepared, compiled, issued, assembled, transferred, published, and

otherwise reproduced numerous consumer reports regarding Plaintiff, as that term is defined in the NY FCRA. See N.Y. GBL § 380-a(c)(1).

48. Such reports erroneously included false and derogatory payment information associated with the fraudulent American Express account. Defendants knew, or should have known, that the reports contained such erroneous information, in violation of N.Y. GBL § 380–j(a)(3).

49. Defendants Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) violated N.Y. GBL § 380-f by failing to conduct reasonable reinvestigations of Plaintiff's multiple disputes of the erroneous and derogatory payment information associated with the subject American Express account.

50. Defendants Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) violated N.Y. GBL §§ 380-f(b) and (d) by failing to delete or modify the disputed information regarding the subject American Express account from Plaintiff's file after failing to verify the completeness and accuracy of that information.

51. Defendants published consumer reports regarding Plaintiff on multiple occasions containing the erroneous and derogatory payment information associated with the subject American Express account, causing Plaintiff to suffer economic harm, adverse impact on creditworthiness, and emotional distress, as well as expenditure of time and resources, annoyance, aggravation, and frustration.

52. Accordingly, Defendants are liable to Plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as for Plaintiff's litigation costs and reasonable attorney's fees, pursuant to N.Y. GBL §§ 380-l and 380-m.

53. Plaintiff is further entitled to injunctive relief requiring the CRA Defendants to remove the

erroneous and derogatory payment information associated with the subject American Express account from Plaintiff's respective credit files and to implement policies and procedures designed to ensure future compliance with the NY FCRA and prevent similar errors from occurring in the future.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: July 18, 2026

Respectfully submitted,

Kevin C. Mallon
Mallon Consumer Law Group, PLLC
550 Kinderkamack Road, Suite 117
Oradell, NJ 07649
(646) 713-1008
kmallon@consumerprotectionfirm.com
*Attorneys for the Plaintiff*